MARY E. WHITING, Respondent, v. CITY OF KANSAS, Appellant.

Kansas City Court of Appeals, February 17, 1890.

Contributory Negligence: INSTRUCTIONS, WITHDRAWAL OF: PRESUMPTION. Where there is nothing supporting a plea of contributory negligence, the trial court should ignore it; and the appellate court may well assume where defendant withdraws instructions given, and which are not preserved in the bill of exceptions that such instructions covered the matter of contributory negligence.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*L. C. Slavens* and *F. W. Randolph,* for the appellant.

(1)  The court erred in giving the first and second instructions asked by plaintiff, in that such instructions ignore the element of contributory negligence as a matter of consideration for the jury, although the answer sets up such negligence by way of defense, and although there was evidence, introduced by plaintiff herself, from which the jury might fairly have found such negligence on her part, or, at least, tending to show such negligence on her part.  If the plaintiff's evidence leaves the fact of contributory negligence on his part in doubt, or tends to show it, the evidence should go to the jury.  2 Thomp. Neg. [Ed. 1880] notes at end of volume, sec. 2, p. 1237, third line from bottom; *Prideaux v. Mineral Point,* 43 Wis. 513–524; *Hoyt v. Hudson,* 41 Wis. 105.  (2)  The court also erred in giving the said second instruction, in the following additional respects :  The city is only required to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon with ordinary care and caution, and is only required to keep so much thereof in such reasonably safe condition as is sufficient to accommodate the public travel thereon. *Craig v. Sedalia,* 63 Mo. 417; *Basset v. St. Joseph,* 53 Mo. 90; *Tritz v. City of Kansas,* 84 Mo. 632; *Leicester v. Pittsford,* 6 Vt. 245; *Hume v. Mayor,* 47 N. Y. 639; *Grayville v. Whitaker,* 85 Ill. 439; *Centralia v. Krouse,* 64 Ill. 19; *Chicago v. McGiven,* 78 Ill. 437; *Chicago v. Bixby,* 84 Ill. 82.

*Scarritt & Scarritt,* for the respondent.

(1)  The complaint is that the instructions do not cover the question of contributory negligence.  The plea of contributory negligence, which is simply a general allegation in the answer, was entirely abandoned by the city at the trial.  The evidence would not

have justified the court in submitting the question of contributory negligence to the jury. No instruction as to contributory negligence was asked by the appellant. The questions in this case have been passed upon time and again by this court and the supreme court. *Wright v. City of Kansas*, 18 Mo. App. 436; *Mitchell v. Plattsburg*, 33 Mo. App. 557; *Haire v. City of Kansas*, 76 Mo. 438; *Halpin v. City of Kansas*, 76 Mo. 335. (2) .The record shows that numerous instructions were asked by the defendant, and no objections being made thereto, were given by the court, whereupon defendant's counsel refused to read them to the jury and claimed that they were withdrawn, and they are not embodied in the bill of exceptions. This court will not presume to pass upon the instructions that are here when the record shows others were given by the court but not set out in full in the record. *Long v. Long*, 96 Mo. 180.

ELLISON, J.—This action is for personal injury received by plaintiff from a fall caused .by a defective sidewalk. Verdict and judgment for plaintiff. We are not able to discover any error in the trial of the cause. Contributory negligence was set up in the answer, but nothing supporting the plea was shown at the trial, and so the court very properly ignored such matter. Besides we are at liberty to infer that defendant abandoned such defense by withdrawing and refusing to read all but one of the instructions which the court gave.

If contributory negligence was properly in the case we may well assume, in favor of the action of the trial court, that it was covered by defendant's instructions which were withdrawn and not preserved in the bill of exceptions.

The judgment should be affirmed. All concur.